**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NO. 2:12-CR-00010-JRG(1) |
| | § |
| APOLINAR CARBAJAL ABELARDO | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Apolinar Carbajal Abelardo's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). (Dkt. No. 241). Having considered the Motion, the subsequent briefing, and the applicable law, the Court finds that the Motion should be **DENIED**.

## I. BACKGROUND

On February 18, 2014, the Court sentenced Defendant to 235 months for one count of conspiracy to possess with intent to distribute and distribution of cocaine and methamphetamine. (Dkt. No. 198). Defendant did not appeal the Court's sentence. On July 5, 2017, the Court granted Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 232; Dkt. No. 234) and reduced his prison term to 199 months. On June 22, 2020, the Court denied Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 236; Dkt. No. 238). Thereafter, Defendant filed the instant Motion. (Dkt. No. 241)

## II. DEFENDANT'S MOTION

Defendant seeks release because of "the aging process." In particular, he asserts that he has "a serious medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes [his] ability

to provide self-care within the environment of a correctional facility, and [he is] not expected to recover from this condition." (*Id.* at 3). Defendant argues that other "extraordinary and compelling reasons" exist warranting his release. (*Id.*) He notes that he pleaded guilty to possession with intent to distribute and distribution of methamphetamine. (*Id.*). He acknowledges that he forfeited a truck, several firearms, $13,650.00 in United States currency, and a $20,000.00 judgment to the United States as part of his sentence. (*Id.*). Defendant the leaps forward to the present asserting that he has shown a "remarkable record of rehabilitation showing that, if released, he is no danger to the public." (*Id.*).

Defendant maintains that he "received an unusually long sentence under a statutory provision that Congress has since found too punitive but has not made retroactive[]." (*Id.* at 4). He contends that his sentence is too punitive and unfair because he received the mandatory-minimum prison sentence for a non-violent crime. (*Id.*). His sentence, he argues, is unusually long in comparison to the average sentence for the same crime today. (*Id.*). He has served approximately ten years of his prison sentence. (*Id.*).

Defendant contends that his medical and physical problems are extraordinary and compelling reasons to justify a sentence reduction. (*Id.*). He asserts that he suffers from "diabetes, has documented knee injuries, cholesterol, high blood pressure, acid (gastritis)." (*Id.*) Defendant submitted a Proposed Release Plan with the Motion wherein he requests "prioritization of Home Confinement" and further explains that he will live with his family and will be employed upon release. (*Id.* at 11–12).

### III.    GOVERNMENT'S RESPONSE

In response, the Government urges the Court to deny Defendant's Motion. The Government maintains that the Bureau of Prisons (BOP) previously denied his requests and

stated that Defendant "has not been diagnosed with a terminal[,] incurable disease with a life expectancy of eighteen months or less." (Dkt. No. 242 at 1). The Government asserts that Defendant does not suffer from a chronic or serious medical condition related to the aging process, and the BOP is able to provide conventional treatment to improve his medical condition. (*Id.*). With respect to Defendant's sentence, the Government argues that his sentence of 199 months—even with recent changes to the law—is neither an "extraordinary and compelling" reason for a sentence reduction under the compassionate-release statute nor do the section 3553(a) factors warrant such reduction. (*Id.*).

Further, the Government notes that Defendant is approximately 50 years old and the BOP currently projects a release date of November 26, 2026. (*Id.* at 3–4). The Government maintains that he has served about 58.8 percent of his statutory term (i.e., nine years, nine months, and four days). (*Id.* at 4). The Government alleges that BOP records indicate that he is a care level 2-stable, chronic-care prisoner and designated to be at low risk for recidivism. (*Id.* at 4).

## IV. LEGAL STANDARDS

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A), the statute authorizing compassionate release.

The First Step Act of 2018 instituted the first major changes to compassionate release since its authorization in 1984. Pub. L. 115-391, 132 Stat. 5194. The Act, in part, amended section 3582(c), which provides the court discretion—in certain circumstances—to reduce a defendant's term of imprisonment:

3

> (A) the court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release."

Even if extraordinary and compelling reasons exist, such reasons must outweigh the 18 U.S.C. § 3553(a) factors to warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

    (5) any pertinent [Sentencing Commission] policy statement . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## V.    DISCUSSION

Defendant exhausted his required administrative remedies prior to filing this Motion, but he is neither entitled to compassionate release nor a reduction for time-served. Defendant failed to satisfy his burden of demonstrating the necessary circumstances to warrant compassionate release. With respect to the section 3353(a) factors, the Court has determined that Defendant has not served the lion's share of his prison sentence and his sentence is neither unusually long nor unfair.

### A. Exhaustion of Administrative Remedies

The pleadings indicate that Defendant exhausted his administrative remedies before filing this Motion. Defendant explains that he filed a request to the Warden at his prison unit, United States Penitentiary Lompoc ("Lompoc"), on October 30, 2021, or November 22, 2021, requesting a reduction in sentence to time-served, a modification of his sentence, "and[/]or immediate Home Confinement." (Dkt. No. 241 at 11). The Government states that it "has not received any information that would indicate that the Warden at Lompoc considered Defendant's request to have his sentence reduced to time[-]served based on 'extraordinary circumstances.'" (Dkt. No. 242 at 10). Accordingly, the Government agrees that Defendant exhausted his remedies.

5

The Government notes that, prior to Defendant's writing to the Warden, the BOP denied Defendant's request for compassionate release or reduction in sentence due to his medical condition and the COVID-19 pandemic. (*Id*. at 14). The BOP denied his appeal of that decision on December 22, 2020. (*Id.*). Finally, the Government advises that, on November 19, 2021, the BOP denied Defendant's subsequent request for COVID home confinement. (*Id.*). Consistent with the First Step Act, the Government notes that Defendant "presented his request for compassionate release to the BOP, permitting it to evaluate his current circumstances in light of the coronavirus concerns." *Id*. Defendant exhausted his administrative remedies before filing this Motion; however, he failed to present extraordinary and compelling reasons warranting a sentence reduction or early release.

### B. Criteria for Release

The Fifth Circuit has held that when a defendant moves for compassionate release, he must satisfy three criteria for release. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). First, as explained above, he must meet one of the two conditions listed in section 3582(c)(1)(A)—either the defendant has "extraordinary and compelling reasons" that warrant a reduction under 18 U.S.C. § 3582(C)(1)(A)(i) or the defendant is at least 70 years of age, has served at least thirty years in prison, and meets the additional requirements under § 3582(c)(1)(A)(ii). *Id*. Second, the defendant must show that compassionate release would be consistent with applicable policy statements. *Id.* Finally, the defendant "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *Id*.

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling reasons" that merit compassionate release. Congress, instead, delegated its authority to the

Sentencing Commission. *See* 28 U.S.C.§ 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").  Before the First Step Act, the Commission issued a policy statement set forth in U.S.S.G. § 1B1.13, which, along with its commentary, describes those reasons which qualify as "extraordinary and compelling."  While not binding, the Commission's policy statement contained in § 1B.1.13 and the commentary provide guidance concerning what may constitute "extraordinary and compelling reasons" warranting compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to § 1B.1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."), *cert. denied*, 141 S.Ct. 2688 (2021).

In Application Note 1 of § 1B1.13, the Commission defined "extraordinary and compelling reasons" to include four categories of circumstances, any of which could suffice to warrant compassionate release: (1) certain medical conditions of the defendant; (2) the defendant is sixty-five years or older and meets other requirements; (3) the defendant's family has specified needs for a caregiver; and (4) other reasons in the defendant's case that establish an extraordinary and compelling reason. U.S.S.G. § 1B.1.13 cmt. n.1.

  1. *COVID-19 Pandemic*

Defendant argues that extraordinary and compelling reasons exist warranting release from prison or reduction in his sentence based on his health and the aging process. He states that he has serious physical or medical conditions.  While his Motion provides no specifics, it does suggest that the Court consult his medical records.  Specifically, Defendant states the following:

> Petitioner Carbajal [Defendant] submits that he suffers from diabetes, has documented   knee injuries, cholesterol, high blood pressure, acid (gastritis). The

7

> medical records   outlining the severity of each of these medical problems can be found at the medical department located at USP LOMPOC.

(Dkt. No. 241 at 4). He also states that he is "vulnerable to pandemic of COVID-19 virus infection and bad outcome as per CDC guidelines [sic]." (*Id*. at 11).

In his Proposed Release Plan, Defendant represents that (1) he will require ongoing medical care if released; (2) he will have access to health insurance if released; (3) he will be applying for medical assistance; and (4) he is currently prescribed medication in his prison facility. (*Id*. at 8–9). He also explains that (1) he will not require durable medical equipment; (2) he does not require assistance with self-care such as bathing, walking, and using the restroom; (3) he will not require assisted living if released; and (4) the individuals he proposes residing with upon release are not aware of his medical needs. (*Id*.). Defendant does not elaborate any further on his medical conditions and makes no arguments concerning how his serious medical conditions constitute extraordinary compelling reasons warranting compassionate release other than he has the general medical conditions that he lists. The Court finds it odd that he states in (2) above that he has health insurance but at (3) says that he will be seeking medical assistance. He failed to provide support for any of these conclusory statements.

The Government asserts that Defendant's medical conditions are treatable, not terminal, and "do not diminish his ability to provide self-care." (Dkt. No. 242 at 19). Indeed, on July 17, 2020, the acting Warden of Federal Correctional Complex Oakdale ("FCC Oakdale") responded to Defendant's request for compassionate release. (Dkt. No. 242-1 at 1). The Warden stated that "[a]ccording to the Clinical Director," Defendant has "not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less" and that he does "not suffer from a chronic or serious medical condition related to the aging process." (*Id*.). The Warden

also stated that the BOP can provide him conventional treatment to improve his condition, and the Warden, thereafter, denied Defendant's request. (*Id.*)

In the "COVID-19 Reduction in Sentence Medical Review," Dr. RC Griffen, M.D., the Clinical Director of FCC Oakdale, on July 2, 2020, documented that Defendant did not have a "terminal medical condition," "debilitated medical condition", or was "elderly with medical conditions." (*Id.* at 6). Dr. Griffen noted that Defendant suffers from Type 2 Diabetes and hypertension, but he was compliant with his medications and "not on a significant downward trajectory to death." (*Id.* at 6–8).

Defendant expresses legitimate concerns regarding COVID-19 and his health. Nevertheless, they do not rise to the level of extraordinary and compelling reasons warranting release from imprisonment. As an initial matter, Defendant failed to establish that the BOP cannot manage a COVID-19 outbreak within his prison unit or that his unit is specifically unable to treat him if he were to contract the virus. He failed to show how his medical conditions are extraordinary and compelling reasons justifying compassionate release.

The COVID-19 Pandemic does not, in and of itself, provide a basis for a sentence reduction. After all, the COVID-19 virus poses a threat to the entire population, and it does not pick and choose whom to visit. *See Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d. Cir. 2020) ("But the mere existence of COVID-19 in society and the *possibility* that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.") (emphasis added).

Here, Defendant presents wholly conclusory statements seeking compassionate release. He merely points to his BOP medical records without more. However, a review of those records show that he has not been diagnosed with a terminal disease and does not suffer from a chronic or serious medical condition related to the aging process. Such an unsupported presentation does not satisfy this Defendant's burden under § 3582. *See United States v. Lyons*, 2020 WL 3129696, at *1 (N.D. Tex. June 11, 2020) ("At best, he has merely offered only conclusory assertions about his chronic medical conditions."). Defendant does not show (or even contend) that his prison facility cannot treat his medical conditions, and he concedes that he does not require assistance with self-care. (*See* Dkt. No. 241 at 8). His treatable diabetes and hypertension are insufficient to constitute "extraordinary and compelling reasons." *See Thompson*, 984 F.3d at 434 (affirming lower court's decision that hypertension and diabetes are insufficient to constitute "extraordinary circumstances reasons" alone unless combined with other extenuating circumstances); *United States v. Gibson*, No. 22-20006, 2022 WL 5101928, at *1 (5th Cir. Oct. 4, 2022) (affirming lower court's findings that the defendant's medical conditions were not "extraordinary or compelling reasons," as "large percentages of the population suffers from the same conditions as Gibson [obesity, hypertension, and diabetes], making it difficult to say his case is 'extraordinary.'"). Accordingly, Defendant has failed to present extraordinary and compelling reasons warranting compassionate release.

   2. *Rehabilitation*

Defendant explains that his record of rehabilitation while imprisoned constitutes an extraordinary and compelling reason. While he does not elaborate or offer specifics, Defendant contends that:

10

> [His] remarkable record of rehabilitation showing that, if released, he is no danger to the public. With passage of the First Step Act, Congress concluded that the [] several punishments were too punitive and unfair.
>
> . . . .
>
> Finally, [Defendant's] remarkable record of rehabilitation adds to the determination that he presents extraordinary and compelling reasons in support of a sentence reduction.
>
> . . . .
>
> During his incarceration, Petitioner Apolinar Carbajal Defendant has participated in numerous post-rehabilitation programs and courses to better himself without any incidents. An outline of Petitioner's certificate and awards, job descriptions, and other activities can be located at the Case Manager's or Counselor's Department located at USP LOMPOC[.]

(Dkt. No. 241 at 4, 6). Defendant also states that he has "taken multiple classes while incarcerated to reduce potential recidivism"; "demonstrated good conduct and [has] no violations or incident reports at this place"; and has no history of violence. (*Id*. at 11).

In its response, the Government argues that Defendant was designated as "low risk for recidivism" on April 21, 2022. (Dkt. No. 242 at 4). The Government also highlights that he was "cleared for food service on April 15, 2021" and placed on work detail for food service in December 2021 at his prison unit. (*Id.*). The Government concedes that Defendant has been designated as "low risk" for recidivism, but BOP also notes that it "has not determined Defendant is not a danger to the safety of any other person or the community." (*Id*. at 5).

While the Court may properly consider rehabilitation efforts, rehabilitation alone cannot be considered an extraordinary and compelling reason. *See Shkambi*, 993 F.3d at 392; *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) (holding that a district court's discretion in sentencing is broad; however, rehabilitation alone shall not be considered).

Here, Defendant does not elaborate on his rehabilitation other than to indicate that he has taken classes or courses and has a "remarkable record of rehabilitation." He does not specify what that rehabilitation encompasses or how it is remarkable. The Court appreciates Defendant's rehabilitative efforts, but the Court may not grant compassionate release on this basis alone. *See, e.g.*, *United States v. Boyd*, No. 3:17-CR-37-TAV-DCP-4, 2021 WL 5094903, at *4 (E.D. Tenn. Nov. 2, 2021) (recognizing the prisoner's efforts to improve himself, but did not find his rehabilitation efforts to be so extraordinary as to outweigh the other sentencing factors).

### 3. Section 3553(a) Factors

The Court further finds that compassionate release is not warranted in this case in light of the applicable factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (unpublished) (finding that the district court did not abuse its discretion in denying compassionate release after balancing the § 3553(a) factors).

Throughout his Motion, Defendant insists that his sentence of 199 months is "unusually long," unfair, and too punitive. He highlights that his offense was not violent and that he has served over ten years of his prison term. Defendant's sentence is not unusually long or unfair. The statutory minimum for this offense is 10 years. While Defendant claims that this offense was not violent, he was convicted for a serious drug crime: conspiracy to possess with intent to distribute and distribution of cocaine and methamphetamine. *United States v. Thompson*, 2021 WL 1721014 at *3 (E.D. La. Apr. 2021) (citing *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1984) ("The harm to society caused by narcotics trafficking is encompassed within Congress's definition of 'danger.'")).

Further, his Presentence Investigation Report (PSR) shows that the parties agreed that Defendant "possessed a dangerous weapon (firearm) during the commission of the instant offense." (Dkt. No. 155 at 4). The facts outlined in the PSR demonstrate dangerous conduct including that Defendant "was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." (*Id*. at 9). Moreover, the PSR shows that Defendant has a criminal history, including two previous convictions for driving while intoxicated and one conviction for the unlawful carrying of a weapon. (*Id*. at 10–11). His previous convictions reveal a criminal history demonstrating a danger to the community thereby precluding his request for compassionate release. This is bolstered by the Government's contention that the BOP has failed to specifically designated him as not being a danger to others or the community.

Where, as here, a prisoner has engaged in severe criminal conduct and has a significant criminal history, the district court has discretion to deny compassionate release under those circumstances. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (finding that the district court did not abuse its discretion in applying the § 3553(a) factors in considering prisoner's "severe conduct, his serious drug crime, and his criminal history, which included aggravated robbery."); *United States v. Anderson*, No. 21-10738, 2022 WL 2072864, at *3 (5th Cir. June 9, 2022) (unpublished) ("Moreover, our review of Anderson's criminal record supports the district court's statement that it 'cannot find that [Anderson] is not a danger to the community.'"). Defendant's criminal history—coupled with his serious drug offense—suggests that he remains a danger to the community. *Id*. at *4 ("Although he was not convicted of a violent crime, [defendant's] criminal history reflects a pattern of dangerous behavior that belittles his request for early release."); *see also United States v. Sabagh Cajeli*, No. 4:13-CR-

13

38(17), 2021 WL 1616894, *6 (E.D. Tex. Apr. 2021) ("In view of the nature and circumstances of his offense of conviction, including the large quantity of cocaine involved, the court cannot conclude that Sabagh-Cajeli's early release from prison would afford adequate deterrence or protect the public . . ."). Also, the burden to show that he is not a risk to the public rests with Defendant. He has not met that burden.

The underlying offense supporting Defendant's conviction and sentence is a serious drug crime. The record demonstrates that Defendant was the leader or organizer of a serious drug enterprise. He has served, as of the Government's filing, "58.8 of the full term and [] approximately 70 percent of the statutory term." (Dkt. No. 242 at 19). The Fifth Circuit has recognized that the "courts that granted compassionate release [on the basis of pre-existing medical conditions] largely have done so for defendants who had already served the *lion's share* of the sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434–35 (emphasis added); *see also United States v. Muniz*, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020) (granting compassionate release for COVID-19 for a defendant who had served 80 percent of his reduced sentence and suffered from end-stage renal disease, diabetes, and hypertension). While his service has been significant, he has not served the lion's share at this time.

Here, Defendant has neither presented multiple, severe health concerns constituting extraordinary and compelling reasons nor served the lion's share of his sentence. From the date of his sentence, Defendant has served approximately ten years of his total sentence of approximately 16.5 years (199 months). Thus, he has not served the lion's share and reducing his prison term for such a serious drug crime would fail to provide just punishment for his offense and promote respect for the law. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir.

14

2020) (affirming the denial of a compassionate release motion and explaining that "[i]nstead, the court concluded that 'releasing [Chambliss] after serving only 14 years of a 30-year sentence minimizes both the impact of [Chambliss'] crime and seriousness of the offense.'"). The Court is not persuaded that Defendant's rehabilitation efforts—of which he does not describe at all—constitute extraordinary and compelling reasons justifying compassionate release.

In light of the nature and circumstances of Defendant's conviction, the Court does not conclude that releasing Defendant from prison at this time would afford adequate deterrence or protect the public. His criminal history and the facts of his underlying offense show that he remains a danger to the community as a whole. *See United States v. Keys*, 846 F. App'x 275, 276 (5th Cir. Apr. 30, 2021) ("Though [the defendant] claims that the district court gave too much weight to his criminal history, his argument amounts to a mere disagreement with the court's balancing of the § 3553(a) factors."). Even if the Government is wrong as to this fact, it rests with Defendant to show that he is not a continuing danger to the public. He has failed to do so.

## VI. CONCLUSION

In sum, Defendant failed to satisfy his burden of demonstrating the necessary circumstances to warrant compassionate release or any further reduction in his sentence. Specifically, he has not demonstrated that extraordinary and compelling reasons exist warranting compassionate release because his medical conditions, hypertension and diabetes, are not extraordinary and compelling.

In applying the section 3553(a) factors, the Court has determined that Defendant has not served the lion's share of his sentence and remains a danger to the community as a whole. Accordingly, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 16th day of December, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE